UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSBY WILFREDO ORANTES-HERNANDEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>ALBERTO R. GONZALES, Attorney General of the United States, et al.,<br><br>　　　　　Defendants. | ) CASE NO. CV 82-01107 MMM (VBKx)<br>)<br>)<br>)<br>)<br>) MODIFIED, CONSOLIDATED<br>) INJUNCTION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This order consolidates the operative provisions of the permanent injunction first issued by Judge David Kenyon on April 29, 1988, and later modified on July 2, 1991 and September 28, 2004. In addition, it incorporates the modifications to the injunction that this court made on October 11, 2006, and July 24, 2007 in response to the government's motion to dissolve the injunction.[1] Except where a different date is specified, the language is that of the Stipulated Order of July 2, 1991.

**MODIFIED PERMANENT INJUNCTION**

Defendants, their agents and successors in office are permanently enjoined as follows:

1. Defendants shall not employ threats, misrepresentation, subterfuge or other forms of coercion, or in any other way attempt to persuade or dissuade class members when

---

[1] This order is entered pursuant to the court's order granting plaintiffs' motion to consolidate the current provisions of the permanent injunction in a single order.

informing them of the availability of voluntary departure pursuant to 8 U.S.C. § 1252(b). The prohibited acts include, but are not limited to:

a. Misrepresenting the meaning of political asylum and giving improper and incomplete legal advice to detained class members;

b. Telling class members that if they apply for asylum they will remain in detention for a long period of time, without mentioning the possibility of release on bond or indicating that bond can be lowered by an immigration judge and that there are bond agencies which can provide assistance;

c. Telling Salvadoran detainees the amount of bond given to other class members, without indicating that the bond amount ultimately depends upon the circumstances of the individual class member;

d. Telling class members that their asylum applications will be denied, that Salvadorans do not get asylum, or that asylum is only available to guerillas or soldiers;

e. Representing to class members that the information on the asylum application will be sent to El Salvador;

f. Representing to class members that asylum applicants will never be able to return to El Salvador;

g. Indicating that Salvadoran detainees will be transferred to remote locations if they do not elect voluntary departure;

h. Advising Salvadorans of the negative aspects of choosing a deportation hearing without informing them of the positive options that are available;

i. Refusing to allow class members to contact an attorney; and

j. Making daily announcements at detention facilities of the availability of voluntary departure.

The Court highly recommends the use of videotaped information on immigration proceedings, such as is now being used at El Centro and Oakdale, and suggests that all interested parties cooperate in the production of such videos for use in all detention facilities.

2. [This paragraph modified by October 11, 2006 order.] At the time any class member is processed in secondary inspection at the border or processed after being found within the territorial boundaries of the United Sates, whether or not he or she is automatically processed for a hearing, Defendants shall inform the class member of the existence of his or her right to apply for political asylum. Defendants shall also inform (1) each class member placed in section 240 proceedings that he or she has the right to be represented by an attorney and to request a removal hearing before an immigration judge; and (2) each class member placed in expedited removal that he or she will have the right to be represented by an attorney and to request a removal hearing before an immigration judge if, and only if, he or she applies for asylum and is found o have a credible fear of persecution. For those class members who are informed of the availability of voluntary departure pursuant to 8 U.S.C. § 1252(b), such notice shall be given before voluntary departure is discussed.

Defendants shall:

a. Provide the class member with a copy of the advisal of rights form approved by the Court and a copy of free legal services list compiled pursuant to 8 C.F.R. § 292a.1 and permit the class member to retain these in his or her possession;

b. Inquire as to whether the class member can read, and if the class member indicates that he or she cannot read, the advisal shall be read verbatim to the class member in Spanish; and

c. Obtain a signed acknowledgment on a separate copy of the approved advisal from the class member showing that the aforesaid notices have been provided.

3. If, after receiving the above notice, the class member informs Defendants that he or she wishes to apply for political asylum and/or a deportation hearing, or otherwise indicates that he or she fears returning to El Salvador, Defendants shall not advise, encourage, or persuade the class member to change his or her decision. Specifically, Defendants are to avoid the practices indicated in paragraph 1(a)-(j) above, although that listing is not exhaustive.

3

4. Defendants shall provide class members with access to telephones during processing.

5. Defendants shall revise and maintain updated and accurate legal service lists.

   a. Such lists must include all organizations that wish to be included who "are available to render such free legal services by representation in deportation or exclusion proceedings." 8 C.F.R. §292a.2. Organizations should be permitted to identify the scope of their representation on the legal services lists.

   b. Defendants shall cooperate with other interested parties in compiling and maintaining legal services lists.

   c. Defendants shall provide such lists to detainees at the time of processing and whenever a class member is transferred to a new facility. Such lists should also be made freely available at all detention facilities.

6. The INS shall assign an officer with published phone number in each of its four regional offices to provide information on Salvadorans detained in the region.

   a. Interested relatives and counsel, if they give the person's name to the INS officer, will be informed of this person's location. If the class member is scheduled for voluntary departure, the inquiring individual should also be informed of the date, time, and place from which the class member is scheduled to leave.

   b. This information may be obtained by calling the designated phone number only during the normal working hours of the region. The above information will be made available as soon as practicable. For persons scheduled for departure, the information should be available as soon as practicable after travel documents have been obtained, but in any event, at least 24 hours prior to actual departure.

   c. If an attorney informs the officer that he or she wishes to communicate with a specifically identified member of the plaintiff class who is scheduled for voluntary departure, and that he or she has not yet been able to do so, Defendants shall not expel the plaintiff class member until such counsel has had a reasonable opportunity for such communication.

7. Once a written notice of appearance has been made by an attorney on behalf of any

4

member of the plaintiff class,

Defendants shall:

    a.    Give counsel 24 hours actual advance notice of the date, time, and place of the intended removal before removing the class member from the United States;

    b.    Permit counsel to rescind an agreement to voluntarily depart on behalf of the class member;

    c.    Allow paralegal assistants working under the supervision of counsel to have access to class members even though the paralegals are unaccompanied by counsel;

    d.    Allow counsel or paralegals working under the supervision of counsel reasonable access to class members between the hours of 9:00 a.m. and 9:30 p.m., excluding such time as is necessary for reasonable security procedures. Detainees should be given the option to meet with their legal representatives during meal hours; and

    e.    Provide at least one telephone per twenty-five (25) detainees at detention centers. Defendants shall ensure the privacy of attorney-client communications, through the use of privacy panels between telephones or other effective means. The Court wishes to ensure the utmost confidentiality between detainees and their legal representatives.

8. Defendants shall permit detained class members to receive and possess legal materials explaining United States immigration law and procedure, and any other written materials unless possession of such materials would conflict with the maintenance of institutional security. Incoming written materials should not be confiscated except for materials reasonably defined as contraband or matters which pose a genuine risk to security. Writing materials, including papers, pencils, pens, and access to typewriters, must be made available in detention facilities.

9. Defendants shall provide detained class members with those legal materials regarding immigration matters which are currently available in both English and Spanish, and

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | should work in conjunction with counsel for plaintiffs to produce additional materials in Spanish. Detention center law libraries should be sufficiently accessible to detainees. |
| 3 | 10. |   | [Removed by July 26, 2007 Order]. |
| 4 | 11. | a. | Defendants shall not transfer detained class members who are unrepresented by counsel from the district of their apprehension for at least seven (7) days to afford class members the opportunity to obtain counsel. |
| 7 |   | b. | Where a class member is represented by counsel or obtains counsel during the seven-day period described above, he or she can be transferred to other locations in accordance with 8 U.S.C. §1252(c); however, venue shall remain in the district where the class member's counsel is located. Furthermore, the class member must be returned to the district in which venue is set sufficiently in advance of any proceeding in order to allow the detainee adequate time to consult with counsel. The class member must be returned within a reasonable time after receiving a request to do so from the detainee's counsel. |
|   |   |   | The term "transfer" as used in this paragraph refers to the relocation from one detention facility to another of class members who are held in detention pending the initiation or resolution of their immigration proceedings. The restrictions of this paragraph do not apply to the detention, transfer, or other transportation of individuals who are subject to final orders of removal entered as a result of expedited removal proceedings. [This paragraph added by Oct. 11, 2006 Order]. |

The following provisions apply only to the Defendants' Port Isabel Service Processing Center in Texas:

12. [Removed by July 26, 2007 Order].

13. All Burns or other private security company guards and INS officers working at PISPC should receive training in the requirements of this permanent injunction. Refresher courses should be provided periodically.

14. Defendants must provide at all visitation times a sufficient number of personnel assigned

to escort duties in order to assure attorneys and paralegals prompt access to detainees. Generally, if an attorney or paralegal has advised INS in advance of the clients he or she seeks to visit, he or she should have access to at least one client within 15 minutes of arrival at visitation, and without subsequent delays. Even when such advance notice is not given, access must be provided promptly, generally within 30 minutes of arrival. Advance notice means that defendants are provided with the name and the administrative number (A-number) of the detainee(s) by telephone to a number designated by defendants, by fax (if available) to a number designated by defendants, or by in-person delivery to the detention center of a list at least two "business hours" (i.e. between 8:00 a.m. and 4:30 p.m. daily) in advance of the visit. Defendants will accept telephone calls from 4:30 to 6:00 p.m. daily. Although the Court declines to provide a specific number of escorts, defendants should consider their experiences during the 1989 population increase to determine how many escorts would adequately serve this purpose. Moreover, whenever a client is not presented for visitation, INS must provide the attorney or paralegal with the reason.

15. Legal rights materials must be made freely available. Counsel for plaintiffs and defendants should cooperate on identifying and locating relevant materials for inclusion in camp libraries. Self-help materials must also be freely available. Defendants must clearly indicate to plaintiffs' counsel the required procedures for approval of new materials, and for submission of additional copies of previously-approved materials. Review and approval of legal rights materials must be prompt. Defendants should also continue their current practice of providing the self-help materials to class members at the time of processing.

DATED: November 26, 2007

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

7