LINTON JOAQUIN (SB # 73547)
joaquin@nilc.org
KAREN C. TUMLIN (SB # 234691)
tumlin@nilc.org
ALVARO M. HUERTA (SB # 274787)
Huerta@nilc.org
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Blvd., Suite 2850
Los Angeles, CA 90010
Tel: (213) 639-3900
Fax: (213) 639-3911

AHILAN T. ARULANATHAM (SB # 237841)
aarulanatham@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Tel: (213) 977-9500 x 211
Fax: (213) 250-3919

JENNIFER CHANG NEWELL (SB #233033)
jnewell@aclu.org
AMERICAN CIVIL LIBERTIES UNION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0774
Fax: (415) 395-0950

Attorneys for Plaintiffs
(Additional counsel listed on next page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CROSBY WILFREDO ORANTES–HERNANDEZ, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC HOLDER, Attorney General of the United States, et al.<br><br>Defendants. | Case No. CV 82-01107 MMM (VBKx)<br><br>**REPLY IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Margaret M. Morrow |

24050648.1

BRADLEY S. PHILLIPS (SB # 85263)
brad.phillips@mto.com
STEPHEN M. KRISTOVICH (SB # 82164)
steve.kristovich@mto.com
SUSAN E. NASH (SB # 101837)
susan.nash@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Defendants' opposition to Plaintiffs' TRO application demonstrates the urgent need for the relief sought by Plaintiffs, as it admits to violations of the *Orantes* injunction and federal law.

Most fundamentally, the opposition establishes that the Government is not providing unaccompanied-minor class members with meaningful access to <u>any</u> counsel, throughout the duration of their "average" 9-day stay at Nogales, because Defendants concede that there is no place at Nogales for an attorney to meet privately with a client. *See* Opp. at 1, 3, 9, 20.[1] Defendants' opposition thus itself establishes that the terms of the *Orantes* injunction are <u>not</u> being complied with. That injunction requires that "counsel or paralegals working under the supervision of counsel [be allowed] reasonable access to class members between the hours of 9:00 a.m. and 9:30 p.m.," and that "Defendants … ensure the privacy of attorney-client communications …." Injunction ¶ 7(d), (e); *see also id*. ("The court wishes to ensure the utmost confidentiality between detainees and their legal representatives.") Defendants have admitted both that they do not allow counsel access—reasonable or otherwise—to class members and that, even if they did, they would not ensure the

---

[1] Notably, the opposition also establishes that unaccompanied minors are being held at the Nogales facility, in Customs and Border Patrol ("CBP") custody, for an average of 9 days, notwithstanding the requirement in the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") that, except in "exceptional circumstances," all unaccompanied minors must be transferred to Health and Human Services custody within 72 hours of CBP's making a determination that the child is in fact unaccompanied. *See* Opp. at 1, 8 (citing 8 U.S. C. § 1232(b)(3)). While the Government may contend that "exceptional circumstances" exist here, that would not relieve them of the other requirements of the TVPRA, the injunction, or the Constitution.

privacy of any attorney-client communications.[2] Both are clear violations of the injunction.[3]

Further, and in any event, class members' and class counsel's right to communicate with one another is not contingent on any prior showing that the injunction is being violated. *See, e.g.*, *A.J. by L.B. v. Kierst*, 56 F.3d 849, 858 (8th Cir. 1995) ("We are unaware of any cases, and defendants cite none, which hold that counsel for plaintiffs in class action proceedings have the burden of first exhausting alternative means of collecting information and demonstrating a compelling need before they will be permitted access to class members absent evidence of present or potential abuse."). Notwithstanding Defendants' repeated suggestion that Plaintiffs and the Court should simply trust them that the children are not being mistreated and that the injunction is not being violated, class counsel and class members must be allowed to meet with one another and assess compliance themselves. Notably, contrary to Defendants' suggestions, class members possess critical information not only with respect to whether current detention conditions comply with the injunction, but also with respect to whether their processing, treatment, and detention by Department of Homeland Security at earlier stages is in compliance. Particularly in light of the government's history of noncompliance in this case, including with the Constitution itself as well as with the injunction, the Court should

---

[2] Access to telephones, which are (1) apparently not in a private location and (2) limited to five-minute calls, *see* Opp.at 11, is not a substitute for in-person meetings with counsel, especially for unaccompanied children.

[3] Moreover, these facts necessarily mean that most, if not all, of these unaccompanied children are also not being provided with access to counsel as contemplated by the TVPRA. *See* Opp. at 8 (citing 8 U.S.C. § 1232(c)(5); 8 U.S.C. § 1232(a)(5)(D)(ii)) (requiring that, no later than 72 hours after a determination that they are unaccompanied, children be provided with "access to counsel 'to the greatest extent practicable … to represent them in legal proceedings or matters and protect them from mistreatment, exploitation, and trafficking,'" as contemplated by the TVPRA).

not simply accept Defendants' assurances that statutory and other protections ensure the injunction is being complied with in practice; the Court should instead allow the class members' counsel to determine whether it is. There is no adequate substitute for talking to class members about an injunction that prohibits, among other things, governmental coercion.

In addition, Plaintiffs' counsel does not, as Defendants suggest, seek "unfettered access to class members for an indefinite period." *See* Opp. at 15. Plaintiffs' counsel have repeatedly stated that they are willing to agree to reasonable restrictions to accommodate the security and logistical needs of Defendants. *See* Tumlin Decl., Ex. K (attaching correspondence).

Finally, Defendants assert that the status quo is that class member immigration detainees are denied the ability to meet with counsel. But, as the Ninth Circuit has repeatedly held, "the 'status quo' refers to the legally relevant relationship between the parties before the controversy arose." *Arizona Dream Act Coalition v. Brewer*, No. 13-16248 (9th Cir. July 7, 2014), Slip Op. at 11. The controversy in question is precisely Defendants' no access policy at Nogales during the recent influx of child migrants. To the extent Defendants are asserting that, prior to the instant controversy, they have had a categorical policy of denying class members access to counsel at Customs and Border Patrol facilities regardless of the length of time class members were detained at these facilities, they are admitting a longstanding violation of the injunction. Otherwise, Defendants' no-access policy at Nogales is not the status quo, and Plaintiffs are asking this Court to restore the status quo demanded both by the Constitution and the injunction—that attorneys be able to meet with their detained clients.

//

//

//

//

Plaintiffs respectfully submit that the TRO should be granted.

DATED: July 14, 2014

Respectfully submitted,

NATIONAL IMMIGRATION LAW CENTER

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

AMERICAN CIVIL LIBERTIES UNION IMMIGRANTS' RIGHTS PROJECT

MUNGER, TOLLES & OLSON LLP

By: /s/ Karen C. Tumlin
Karen C. Tumlin
Attorneys for Plaintiffs