UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSBY WILFREDO ORANTES-HERNANDEZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ERIC H. HOLDER, JR., U.S. Attorney General, et al., <br><br> Defendants. | Case No.: 82-01107 MMM (VBKx) |

# [PROPOSED] PROTECTIVE ORDER

In accordance with the Court's July 17, 2014 Order (ECF No. 897), the parties are engaging in limited discovery concerning the Government's compliance with the injunction in this case. In the course of this discovery, the Government may produce to class counsel certain information relating to class members who are not named plaintiffs in this case. The Government agrees to produce to class counsel unredacted information relating to class members during discovery, and/or as ordered by the Court, subject to entry of the following protective order in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the parties have stipulated.

WHEREFORE, this matter comes before this Court on the parties' joint stipulation for the entry of a protective order governing confidential information.  Good cause exists for the entry of a protective order because discovery in this action may result in the disclosure by the parties of personal and confidential non-privileged information, including electronic database information, possibly from alien files (or "A-files"), and other information concerning members of the class certified in this action and other individuals.  The parties having agreed to the following terms governing the treatment of confidential information, and the Court having found good cause exists for the issuance of an appropriately-tailored confidentiality order,

IT IS HEREBY ORDERED that pursuant to 5 U.S.C. § 552a(b)(11), this protective order authorizes Defendants to produce personally identifiable information that would otherwise be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, and without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to a Court order, this Order constitutes such a Court Order and authorizes the disclosure of that information.  This Protective Order also authorizes Defendants to produce information contained in or pertaining to asylum claims or applications, including records pertaining to credible fear determinations, interviews or reviews, applications for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") and other information that would otherwise be prohibited from disclosure pursuant to 8 C.F.R. § 208.6 and 8 C.F.R. § 1208.6.  However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this protective order) by other applicable privileges, statutes, regulations or authorities by which Defendants may be bound. The terms of this

Protective Order shall also govern the safeguarding of such information by all individuals referenced herein. Such disclosure is subject to the following conditions:

1. The terms of this protective order will govern the entirety of any record or information covered by the Privacy Act which has been or will be produced in this case in the course of discovery, or under any related future orders of the Court.

2. The parties agree that this protective order, and any limitations or restrictions contained herein,

    a. shall apply to information exchanged between the parties in this litigation;

    b. shall not preclude any party from disclosing information that is publicly available from a document or documents that are not subject to this protective order;

    c. shall not preclude class counsel from making contact with class members based on information obtained under this protective order, although class counsel may not share or release the information to class members other than the individual to whom the information pertains;

    d. shall not preclude release by either party of information previously marked as subject to the protective order if the individual(s) about whom the information to be released pertains affirmatively consents, in writing, to its disclosure; and

    e. shall not prohibit either party from sharing with the Court any information marked as subject to this protective order, provided such information is filed pursuant to the rules governing the filing of protected information.

3. To the extent that the Parties produce any documents or records that contain class members' names, addresses, birth dates, alien registration numbers, or any other identifying information (i.e., information the use of which would allow the identification

of the person to whom the information relates), such identifying information shall be deemed confidential and protected by this protective order. All Privacy Act information is subject to this protective order and may be used solely for purposes relating to this litigation – <u>Orantes-Hernandez, et al. v. Holder, et al.</u>, Case No.: 82-01107 MMM-VBKx (C.D. Cal.) – including any appeal of any decision(s) this Court issues with respect to this litigation.

4. Counsel for the parties shall designate documents containing confidential information as confidential by placing the word "COVERED BY PROTECTIVE ORDER" or the following label (or a substantial equivalent) on them or on any copies thereof, or any cover sheets thereon:

THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN ORANTES-HERNANDEZ, ET AL. V. HOLDER, ET AL., CASE NO.: 82-01107 MMM-VBKx (C.D. Cal.). THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.

5. Protected information may be disclosed only to the following persons and only as provided in paragraph (3):

   a. class counsel, Defendants' counsel, and any support staff or other employees of such counsel assisting in this action with an appropriate need to know;
   b. any experts or consultants retained by the Parties for purposes of this litigation, if they agree in writing to be bound by the terms of this order;
   c. the Court and its personnel;
   d. court reporters, translators, and other litigation support personnel;
   e. the author of the document or the original source of the information;
   f. any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know; and

g. any Court of Appeals and its personnel, in the event of an appeal of any decision this Court issues with respect to this litigation.

6. All persons listed in Paragraph 5(a) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 5(a)-(f) above, any confidential information, except as provided in this protective order.

7. No protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless reasonable provisions are made to protect the confidentiality of this protected information, such as by filing under seal.  Where protected documents or information is used at a hearing, trial, or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal.

8. Within five years after the date of production of any document produced under this protective order, or within eight years after the date of production of any document produced under this protective order that becomes the subject of litigation in this case, counsel for the receiving party shall return the document to counsel for the producing party or, alternatively, certify in writing that the document has been destroyed.

9. The parties may, by stipulation, provide for exceptions to this order and any party may apply to this Court at any time, upon proper notice, for a modification of this protective order with respect to the handling or designation of any document or for any other purpose.

10. This order does not prohibit or otherwise waive any other privilege (e.g., law enforcement privilege, attorney client privilege, deliberative process privilege, etc.) that

the parties might assert with regard to any information requested during the course of discovery.

11. This order shall be binding upon any present and future party to this case, including any appeal of any decision(s) of this Court with respect to this litigation.

12. If a party has a good faith belief after producing a document to an opposing party that the document should have been marked as produced under the terms of this protective order but was not, the producing party shall immediately notify the receiving party in writing of the inadvertent disclosure. The receiving party shall immediately treat the document as protected under the terms of this order until the matter can be resolved between the parties or, in the alternative, by the Court under paragraph 9 of this protective order.

Dated:  August 26, 2014

_____/s/_____
The Honorable Victor B. Kenton
United States Magistrate Judge