BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
WILLIAM C. SILVIS
Assistant Director, District Court Section
Office of Immigration Litigation
SARAH B. FABIAN
Senior Litigation Counsel, District Court Section
SARAH TATE CHAMBERS
Trial Attorney, District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4824
Sarah.B.Fabian@usdoj.gov
Fax: (202) 305-7000

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSBY WILFREDO ORANTES-HERNANDEZ, et al., <br><br> Plaintiff, <br><br> v. <br><br> MERRICK B. GARLAND, U.S. Attorney General, et al., <br><br> Defendant. | Case No. 2:82-cv-01107 MEMF (JPRx) <br><br> [PROPOSED] STIPULATED SECOND AMENDED PROTECTIVE ORDER |

1.    INTRODUCTION

1.1    PURPOSES AND LIMITATIONS

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the

following Stipulated Second Amended Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 4.2 below, that this Order does not entitle them to file Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

1.2    GOOD CAUSE STATEMENT

Good cause exists for the entry of a protective order because discovery in this action may result in the disclosure by the parties of personal and confidential non-privileged information, including electronic database information, possibly from alien files (or "A-files"), and other information concerning members of the class certified in this action. Further, good cause exists to replace any and all prior protective orders entered in this case, *see, e.g.,* ECF No. 902 (filed herewith as Exhibit A), because those prior orders were entered for limited purposes related to then-existing litigation, and in any event the currently-contemplated discovery may seek disclosure of a broader set of information than previously had been exchanged in this action, including information that may be law enforcement sensitive.

Pursuant to 5 U.S.C. § 552a(b)(ll), this Protective Order authorizes the Parties to release personally identifiable information that would otherwise be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, or would be protected by the Privacy Act, if the subject of the information had been a U.S. citizen, or a person lawfully admitted for permanent residence, and without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to a Court order, this Order constitutes such a Court order and authorizes the disclosure of that

information.  However, nothing in this Section shall require production of information that is prohibited from disclosure (even with the entry of this Protective Order) by other applicable privileges, statutes, regulations or authorities by which the Parties may be bound.

As used in this Protective Order, the term "Confidential Information" includes the following:

(a)  Personally identifiable information related to individuals currently or formerly in the custody of the United States Government, including information that is protected by the Privacy Act, 5 U.S.C. § 552a, or would be protected by the Privacy Act, if the subject of the information had been a U.S. citizen, or a person lawfully admitted for permanent residence, as well as the names, telephone and fax numbers, and electronic mail addresses of federal government employees;[1]

(b)  Information including but not limited to that contained in or pertaining to an individual's nonpublic: (1) asylum, refugee, credible fear, or reasonable fear claims, applications, interviews, determinations, or reviews—including applications for relief under the Convention Against Torture ("CAT"); (2) non-refoulement interviews; (3) legalization applications under 8 U.S.C. § 1255a; (4) Special Agricultural Worker applications under 8 U.S.C. § 1160m; (5) applications for temporary protected status ("TPS") under 8 U.S.C. § 1254a; (6) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child, *see* 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii); 8 U.S.C. § 1154(a)(1)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(1)(B)(ii), (iii) and (iv)); (7) information protected by 8 U.S.C. § 1367; and 1202(f), 1304(b), and 1367(a)(2), 22 U.S.C. §

---

[1] Information may be personally identifiable even if usual identifying information (such as full name, date of birth, identifying number, address, or biometric data) is redacted.  If the information can be used to identify the individual, it should be considered individually identifiable—for example, height, weight, and location may be grouped together to identify an individual; or location of custody in addition to dates of custody and initials may be sufficient to identify an individual.

7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6;

(c)  Any sensitive, but unclassified, information to include records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, staffing, priorities, resources, intelligence, methods, and internal investigations, which contains information that is law enforcement sensitive and may be designated as limited official use or for official use only information;

(d)  The names, telephone numbers, and electronic mail addresses of federal government employees;

(e)  Inter-agency or intra-agency memoranda or letters that would not be available by law other than in litigation with Defendants; and

(f)  All other protected documents, information or tangible things not identified above that the Parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).  The Parties do not waive their right to assert other or further privileges over the information and redact such information.  For instance, Defendants may withhold or redact information that is subject to a claim of privilege such as withholding classified national security information or withholding or redacting any other information subject to a claim of privilege or exemption from disclosure.

2.    DEFINITIONS

2.1    Action: this pending federal lawsuit.

2.2    Challenging Party:  a Party or Nonparty that challenges the designation of information or items under this Order.

2.3    Class Counsel: attorneys appointed by the Court to represent the class members.

2.4    Class Members: people who fall within the delineated group and claim requirements as outlined by the Court's certification.

2.5    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.6    Counsel:  Class Counsel, Outside Counsel of Record, and House Counsel (as well as their support staff).

2.7    Designating Party:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."[2]

2.8    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.10    House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Nonparty:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

---

[2] This marking differs from that required by the prior Stipulated Protective Order, that ordered documents marked by either "COVERED BY PROTECTIVE ORDER" or the label "THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN ORANTES-HERNANDEZ, ET AL. V. HOLDER, ET AL., CASE NO.; 82-01107 MMM-VBKx (C.D. Cal.). THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN, OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER."

2.12   Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.13   Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.15   Professional Vendors:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."

2.17   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any briefs, testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

4.1   Unless the parties agree otherwise, within five years after the date of production of any document produced under this protective order, or within eight

years after the date of production of any document produced under this protective order that becomes the subject of litigation in this case, counsel for the receiving party shall return the document to counsel for the producing party or, alternatively, certify in writing that the document has been destroyed.

4.2    To the extent that any Party seeks to file any paper with the Court that contains, summarizes, or reflects any Protected Material, the Party shall confer with the other Parties in attempt to reach an agreement about suitable redaction per Civil Local Rule 79-5.2.2(b).  If no agreement can be reached, the Party shall request that the material be filed under seal pursuant to the procedures set forth in Civil Local Rule 79-5.

While parties stipulate that they will request to file under seal, parties acknowledge that this order does not give them the right to do so and that all decisions regarding the ability to file under seal are made by the judge, as referred to in Sections 1.1 and 3 and set forth in Civil Local Rule 79-5.  See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" needed for merits-related documents).  Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

Regarding hearings and proceedings, nothing contained in this Protective Order shall be construed to prejudice any Party's right to use before this Court any Protected Material.  However, before doing so, to the extent not otherwise authorized to be so used hereunder, the Party intending to use Protected Material shall so inform the Court and the Producing Party, and any Party or Third Party may

apply to the Court for appropriate protection, including clearing the hearing room or courtroom of persons not entitled to receive Protected Material pursuant to Section 7.2.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, then that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)  for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" to each page that

contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b)  for testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition.

(c)  for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."  If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material.  On timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2   The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3   The burden of persuasion in any such proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 4.1 above.

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" only to the following people:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court;

(j) translators and other litigation support personnel;

11

(k) any other person mutually authorized by the Parties' counsel to examine such information with an appropriate need to know; and

(l)  any Court of Appeals and its personnel, in the event of an appeal of any decision this Court issues with respect to this litigation.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," that Party must

(a)  promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission.  The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

12

9.     A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."  Such information is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)  In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must

(1)  promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2)  promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Nonparty, if requested.

(c)  If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request.  Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12.    MISCELLANEOUS

12.1    Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2    By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    The Parties agree that this protective order, and any limitations or restrictions contained herein:

(a)  shall not preclude any party from disclosing information that is publicly available from a document or documents that are not subject to this protective order;

(b)  shall not preclude Class Counsel from making contact with Class

14

Members based on information obtained under this protective order, although Class Counsel may not share or release the information to Class Members other than the individual to whom the information pertains; and

(c)  shall not preclude release by either party of information previously marked as subject to the protective order if the individual(s) about whom the information to be released pertains affirmatively consents, in writing, to its disclosure.

12.4   This order shall be binding upon present and future parties to this case—including any appeal of any decision(s) of this Court with respect to this litigation.

12.5   The Parties may, by stipulation, provide for exceptions to this order.

13.   <u>SANCTIONS</u>

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

///

///

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  June 16, 2022

/s/ Max S. Wolson  (with permission)
MAX S. WOLSON
JESSICA R. HANSON
JOSHUA T. STEHLIK
National Immigration Law Center
Los Angeles, CA

Attorneys for Plaintiff

DATED:  June 16, 2022

/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

Attorney for Defendants

IT IS SO ORDERED:

DATED:  _____

_____
JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

16

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of *Orantes-Hernandez, et al. v. Garland, et al.*, Case No. 2:82-cv-01107-MEMF (JPRx) (C.D. Cal.).  I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

17